**Jeffrey O'HERON, Plaintiff,**

v.

**CSX TRANSPORATION, INC., Defendant.**

**No. 3:01CV7111.**

United States District Court, N.D. Ohio, Western Division.

Dec. 14, 2001.

Joseph A. Coffey, Coffey & Kaye, Lawrence A. Katz, Coffey & Kaye, Bala Cynwyd, PA, for Jeffrey O'Heron, Plaintiff.

Daria A. Carr, Anspach, Serraino, Meeks & Nunn, Toledo, OH, John J. Barrett, Jr., Saul, Ewing, Remick & Saul, Philadelphia, PA, Mark D. Meeks, Anspach, Serraino, Meeks & Nunn, Robert M. Anspach, Anspach, Serraino, Meeks & Nunn, Toledo, OH, for CSX Transportation, Inc., Defendant.

## ORDER

CARR, District Judge.

This is an FELA case in which the defendant has filed a motion for summary judgment. For the reasons that follow, the motion shall be overruled.

Plaintiff worked as a car retarder in a tower at the defendant's Willard, Ohio, yard. About the time that the plaintiff began his shift at 11:00 p.m. on February 13, 2000, freezing rain started to fall. It continued falling through the next morning. While walking after his shift on the roadway leading from the tower to the lot where he parked his car, plaintiff slipped and fell, causing the injuries leading to this lawsuit.

Although the plaintiff alleges in his complaint that the grade where he was walking was uneven, his principal contention appears to be that he slipped on the ice that had accumulated during the freezing rain, and that the defendant negligently failed to take steps, such as salting or otherwise treating the ice so that it would not be a hazard to him as he was walking on the roadway.

The parking lot was about 150 feet from the tower in which plaintiff worked. He could have parked by the tower, but was not required to do so. He apparently elected not to do so to avoid the risk of having his car blocked by a train that might stop on the tracks running between the tower and the exit.

Defendant contends, in essence, that it is not an insurer of plaintiff's safety, and cannot either control the weather in Northwest Ohio in February or prevent hazardous conditions caused by ice accumulating during a prolonged freezing rain. Defendant also suggests that plaintiff failed to take minimal care for his own safety by electing to park in the lot, rather than next to the tower, and failing, as well, to ask that the roadway between the tower and lot be salted.

The defendant in *Kimbler v. Pittsburgh & L.E.R. Co.*, 331 F.2d 383 (3rd Cir.1964), made arguments similar to those being made by the railroad in this case. There the plaintiff slipped on ice covered steps to tower where she worked. The court noted that, as in this case, "[n]o salt, sand, sawdust or ashes had been spread on the stairway" and in "icy weather the railroad did not assign. anyone to spread deicing or anti-slipping material on the stairway." It also "did not store such material in or immediately adjacent to the tower or stairway, and the tower operators were not permitted to leave their posts to perform such tasks." *Id.* at 384.

The court acknowledged that a railroad is not an insurer, and cannot control the vagaries of weather. *Id.* Nonetheless, the court, after noting the trial judge's observation that "[i]ce on wooden steps is certainly foreseeable in the month of March in this district," stated:

> there are a number of precautions, either in the form of "advanced protection" or "corrective action", which the railroad could have taken either to prevent ice formation on the stairway or to neutralize one of its well known harmful characteristics. Providing inexpensive deicing or anti-slipping material for the purpose of having it applied to the stairway is, in our opinion, the least the railroad could have done.... The requirement that the railroad spread adequate material on an exposed stairway after a freezing March rain is not, as a matter of law, the outer limit of the duty owed by it to its employees to prevent their slipping on that stairway.

*Id.* at 385–86.

This statement conforms with the view generally taken with regard to a railroad's duty to respond to manifestly icy conditions. *See* Anno.,*Duty of Railroad Company to Prevent Injury of Employee Due to Surface Condition of Yard,* 57 A.L.R.2d 493, § 11, 1958 WL 11033 (1958).

In *Kimbler* the court noted that the steps were the only means of ingress and egress for the plaintiff. Here, the defendant contends that the plaintiff could and thus should have parked closer to the tower. That contention implicitly assumes that the plaintiff somehow could have foreseen the course of the rain as he arrived at work. I find that the existence of such option is not a bar to plaintiff's proceeding to trial.

The present record indicates that the defendant was on notice that its employees would use the roadway from the parking lot—which it made available for their use—and the tower. A jury could also find that the defendant was on notice—after eight hours of freezing rain—that portions of its premises would need salting or other treatment if the risk of injury were to be avoided or reasonably reduced. The jury could find that the defendant unreasonably failed to respond to a reasonably foreseeable risk of injury, and that its negligence proximately caused the plaintiff's fall and ensuing injuries.

It is, therefore,

ORDERED THAT defendant's motion for summary judgment be, and the same hereby is denied.

So ordered.